**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 15-21331-CIV-GAYLES/TURNOFF

JOSPEH VALCIN,

    Plaintiff,
v.

AMERICAN SECURITY GROUP, A-1, INC.,
et al.,

    Defendants.
                                         /

**ORDER**

    **THIS CAUSE** came before the Court upon Defendants' Motion to Dismiss Amended Complaint and Incorporated Memorandum of Law (the "Motion") [ECF No. 16]. The Court has considered the parties' submissions and applicable law. Based thereon, the Court denies the Motion.

**BACKGROUND**[1]

    Defendants American Security Group, A-1, Inc., MGN Conquest Corporation, and Michael Nettles ("Defendants") employed Plaintiff Joseph Valcin ("Plaintiff") from November, 2012 to February, 2015. Plaintiff's duties included using Defendants' vehicles, manufactured and assembled outside of the State of Florida, to provide locksmith services. To service its customers in Florida, Defendants regularly received dispatch orders from AAA in California. Defendants would relay the AAA dispatch orders to Plaintiff.

    On May 21, 2015, Plaintiff filed his Amended Complaint alleging that Defendants failed to pay him overtime wages in violation of the Fair Labor Standards Act ("FLSA"). Plaintiff alleges

---

[1] To resolve the Motion, the Court accepts the facts as set forth in the Amended Complaint [ECF No. 10] as true. *See Brooks v. Blue Cross & Blue Shield of Fla. Inc.,* 116 F.3d 1364, 1369 (11th Cir. 1997).

both individual and enterprise coverage under the FLSA. Defendants have moved to dismiss arguing that Plaintiff has not adequately alleged either individual or enterprise coverage.

## DISCUSSION

### Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than unadorned, the defendant –unlawfully-harmed-me accusations." *Id*. (alteration added) (quoting *Twombly*, 550 U.S. at 555).

Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (alteration added) (citing *Twombly*, 550 U.S. at 556). When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla. Inc.,* 116 F.3d 1364, 1369 (11th Cir. 1997).

### Stating a Claim under the FLSA

To state a claim under the FLSA for unpaid overtime wages, a plaintiff must allege sufficient facts to establish that (1) the defendant employed him; (2) the defendant is an enterprise engaged in interstate commerce covered by the FLSA (enterprise coverage) or plaintiff is otherwise covered

under the FLSA (individual coverage); and (3) the defendant failed to compensate plaintiff for the hours worked. *See Morgan v. Family Dollar Stores, Inc.,* 551 F.3d 1233, 1277 n.68 (11th Cir. 2008).

To qualify to individual coverage, the employee must directly and regularly engage in interstate commerce. *See Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1315 (11th Cir. 2011) (citing *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006). To qualify for enterprise coverage, Defendants must "ha[ve] employees engaged in commerce or the production of goods for commerce, or [] ha[ve] employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and . . . is an enterprise whose annual gross volume of sales made or business done is not less than $500,000." 29 U.S.C. § 203(s)(1)(A)(i) and (ii). The Eleventh Circuit has interpreted enterprise coverage to include businesses whose employees handle goods or materials that have crossed state lines. *See Polycarpe v. E&S Landscaping Service, Inc.*, 616 F.3d 1217, 1224 (11th Cir. 2010).

Plaintiff alleges that his use of Defendants' vehicles, manufactured and assembled outside Florida, to perform his duties, is sufficient to establish coverage under the FLSA. The Eleventh Circuit has held that an employee's use of vehicles, manufactured outside the state where the plaintiff worked, is not enough to establish individual coverage. *Id.* ("While the point of origin of these vehicles may be relevant under a theory of enterprise coverage, their origin is irrelevant to the issue of individual coverage – namely whether Josendis himself *directly participated* in the *actual movement* of persons or things in interstate commerce.").

With respect to enterprise coverage, the Eleventh Circuit has held that "goods" that move in interstate commerce are subject to an ultimate consumer exception, and therefore do not trigger enterprise coverage if they are consumed by the employer. *See Polycarpe*, 616 F.3d at 1222. Materials, however, are not subject to the ultimate consumer exception and may trigger enterprise

3

coverage if the materials at issue have moved in interstate commerce. *Id.* Courts in this district have found that vehicles are "materials" and, therefore, trigger enterprise coverage. *See Polycarpe v. E & S Landscaping Serv., Inc.*, 821 F.Supp.2d 1302, 1307 (S.D. Fla. 2011) (plaintiffs' use of trucks, manufactured outside of the state of Florida, triggered enterprise coverage); *Bautista Hernandez v. Tadala's Nursery, Inc.*, 34 F.Supp.3d 1229, 1240 (S.D. Fla. 2014) (plaintiff's use of trucks, manufactured outside of the state of Florida, in performance of landscaping duties, triggered enterprise coverage). As the Plaintiff asserts in the Amended Complaint that he and all similarly situated employees of Defendants used Toyota Priuses, manufactured outside the state of Florida, to carry out their duties, the Court finds that Plaintiff has sufficiently alleged enterprise coverage.[2]

The Court also finds that Plaintiff has adequately alleged enterprise coverage based on his assertion that Defendants regularly received dispatch orders from AAA in California. Enterprise coverage includes businesses that have employees "engaged in commerce. . . " 29 U.S.C. § 203(s)(1)(A)(i). Sporadic interstate telephone calls are not sufficient to establish enterprise coverage. *See Collado v. Florida Cleanex, Inc.*, 727 F.Supp.2d 1369, 1375 (S.D. Fla. 2010). However, Plaintiff has alleged that Defendants regularly received dispatch calls from AAA. Defendants' employees who regularly use interstate telephone services to facilitate Defendants' locksmith services are engaged in commerce. *See Thorne*, 448 F.3d at 1266 ('engaged in commerce' includes "regularly using the instrumentalities of interstate commerce in his work, e.g., regular and recurrent use of interstate telephone, telegraph, mails, or travel"). Therefore, the Court finds that Plaintiff has adequately alleged Defendants' use of interstate telephone for dispatch services as an additional basis for enterprise coverage.[3]

---

2   It is undisputed that Defendants' annual gross volume of sales is not less than $500,000.
3   The Court need not address Plaintiff's allegations regarding a collective action. These allegations are best addressed if and when Plaintiff files a motion to conditionally certify a class.

## CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss Amended Complaint and Incorporated Memorandum of Law ("[ECF No. 16] is **DENIED.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 3rd day of November, 2015.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE